# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br>vs.<br><br>CHRISTOPHER CRAIG JOHNSON,<br><br>　　　　　　　Defendant. | CR-17-9-GF-BMM<br><br>**ORDER** |

Defendant Christopher Craig Johnson ("Johnson") pleaded guilty to possession with intent to distribute heroin. (Doc. 17 at 2.) The Court sentenced Johnson in November 2018 to 120 months custody, with credit for time served of 199 days. (Doc. 30 at 2.) The Court received a letter from Johnson on May 20, 2020. (Doc. 33.) Johnson advised the Court that he believes that he was entitled to 14 months of time-served credit that he did not receive. (*Id.* at 1.) Johnson asked the Court if it is possible to get those 14 months counted towards his sentence and, if it is, how he should go about doing that. (*Id.* at 1-2.)

1

The Court recognized that many factors affect whether certain custody time may count towards time-served credit. (Doc. 34.) The Court construed Johnson's letter (Doc. 33) as a Motion to Amend Judgment and asked the Federal Defenders' Office to assist Johnson with his request. The Federal Defenders filed a brief in support of Johnson's letter, stating that the Court should credit Johnson for the time he spent in custody if that time was not credited to any other sentence. (Doc. 39.)

The Government responded in opposition Johnson's request. (Doc. 42.) The Government called into question this Court's decision to construe Johnson's letter as a motion to amend judgment. (Doc. 42 at 2.) The Government noted that the Court should not recharacterize a pro se litigant's motion as a 28 U.S.C. § 2255 motion unless the court informs the litigant of its intent to do so. *Castro v. United States*, 540 U.S. 375, 377 (2003), *see also United States v. Seesing*, 234 F.3d 456, 464 (9th Cir. 2001). The Government also points out that Johnson waived his right to appeal and collaterally attack his sentence in this case. (Doc. 17 at 6-7; Doc. 41 at 34.)

The Government also raised multiple issues with Johnson's request. First, judicial review of the Bureau of Prisons' ("BOP") determination of credit for time served is not appropriate until the prisoner has exhausted his administrative remedies. *Chua Han Mow v. United States*, 730 F.2d 1308, 1313-14 (9th Cir.

1984). Johnson has not demonstrated exhaustion. (Doc. 42 at 2.) Further, even if Johnson had exhausted his administrative remedies, this Court's jurisdiction to review Johnson's challenge is in question. Judicial review of a challenge to the execution of a sentence, rather than a challenge to the propriety of a judgment, falls under 28 U.S.C. § 2241 and must be addressed by the district court where the prisoner is confined. *See United States v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984.) Johnson is confined outside of this Court's district in Louisiana at the United States Penitentiary, Pollock. If Johnson believes his sentence is wrong, he may attempt the remedy the issue through the BOP and, if he still believes his sentence computation is wrong after exhausting those remedies, he may file a habeas petition in the jurisdiction where he is confined.

Even if the Court appropriately recharacterized Johnson's letter as a motion to amend judgment, if Johnson could appeal and collaterally attack his sentence, if Johnson had exhausted his administrative remedies, and if this Court had jurisdiction to review Johnson's sentence, Johnson is not entitled to additional credit for time served. Johnson's Presentence Investigation Report makes clear that Johnson committed multiple crimes between 2015 and 2017 for which he was serving time until he was taken into federal custody.

Law enforcement stopped Johnson in Everett, Washington, on May 19, 2015. (PSR ¶ 56.) Johnson had 36 grams of heroin, a fake handgun, and numerous

other items. Then, on September 18, 2015, law enforcement found Johnson in possession of four grams of methamphetamine. (PSR ¶ 57.) On May 3, 2016, law enforcement in Seattle, Washington, found Johnson in possession of approximately 80 grams of heroin and 27 grams of methamphetamine. (PSR ¶ 58.) Later that same month, law enforcement in Everett, Washington, found Johnson in possession of over 200 grams of heroin and 12 grams of methamphetamine. (PSR ¶ 59.) Numerous courts sentenced Johnson to various terms of custody for those offenses. The sentencing courts generally ran the sentences concurrent to one another and generally permitted Johnson to serve the remainder of his state court sentences in federal custody. (*See* PSR ¶¶ 56-59.)

    Johnson committed the offense to which he pleaded guilty in this case after he was stopped by law enforcement on May 19, 2015, but before he was stopped by law enforcement on September 18, 2015. (PSR ¶¶ 8-16.) Johnson came to Great Falls to distribute methamphetamine and heroin. Detectives attributed approximately 80 grams of actual methamphetamine and 18 grams of heroin to Johnson. (PSR ¶ 16.) A grand jury indicted Johnson for this crime on February 2, 2017. (Doc. 1.)

    Johnson resolved his numerous Washington state cases throughout 2017 and, at the conclusion of those cases, the United States filed a Petition for a Writ of Habeas Corpus for Johnson to appear in the District of Montana. (Doc. 8.) Johnson

appeared on his Indictment in this District on May 31, 2018. (Doc. 11.) Pursuant to his state judgments, Johnson was incarcerated on his state-court sentences during that entire time period.

Accordingly, **IT IS HEREBY ORDERED** that, to the extent the Court's Order dated May 27, 2020 (Doc. 34) recharacterized Johnson's letter into a 28 U.S.C. § 2255 motion, that Order is hereby **AMENDED** to not do so.

**IT IS FURTHER ORDERED** that the relief Johnson requests in his letter to this Court dated May 20, 2020 (Doc. 33) is **DENIED**. If Johnson remains convinced that his sentence proves incorrect, he may proceed by contacting the BOP and/or the court in the district where he is being detained.

DATED this 22nd day of July, 2020.

_____
Brian Morris, Chief District Judge
United States District Court